Wyly, J.
In January, 1875, appellee took a rule, in the court below, on the appellant requiring him to furnish new security on the appeal bond, the surety given by appellant having become insolvent. At the trial of this rule, the court decided that the surety was insolvent and ordered appellant to furnish new security within ten days, or the appeal would be set aside. This the appellant has failed to do.
Appellee, therefore, now moves this court to dismiss this appeal because appellant has failed-to furnish an appeal bond as required by law. In the answer which appellant has filed to this motion, he alleges that the transcript of appeal was filed in this court November 13,1873; that-the surety on the suspensive appeal bond was declared insolvent on March 17, 1875, subsequent to the filing of the appeal, and that such insolvency is no cause to dismiss the appeal, but it is merely a *650 ground for issuing execution. In support of this position he cites the case of Gray, Macmurdo & Co. v. Lowe & Pattison, 9 An. 478.
That case decides merely that appellant will not lose his right to appeal because his surety on the appeal bond has become insolvent, and in such case it is the duty of the court to allow a sufficient surety to be substituted. This is precisely what the court below has done. It allowed appellant to give new security within ten days after the trial of the rule which decided the insolvency of the surety on the bond.
Appellant, who refuses to comply with this order and substitute a new surety, has no right to expect this court to refuse to dismiss his appeal. An appeal with an insolvent surety is virtually an appeal with no surety, and this the law does not authorize.
It is therefore ordered that the appeal herein be dismissed at the cost of appellant.
Rehearing refused.